UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VARITA SHONTELL JOHNSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTEGRITY STAFFING SOLUTIONS, INC.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:16-cv-03500<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes VARITA SHONTELL JOHNSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of INTEGRITY STAFFING SOLUTIONS, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 45 year old natural person residing at 4101 Barnor Drive, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is one of the leading specialty staffing firms in the United States. As a corporation formed under the laws of Delaware, Defendant maintains its headquarters at 700 Prides Crossing, Suite 300, Newark, Delaware.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In early 2016, Plaintiff used the internet to apply to various jobs, including positions with Yahoo and Amazon. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. Shortly thereafter, Plaintiff began receiving calls to her cellular phone, (317) XXX-5276 from Defendant. *See* Exhibit A.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 5276. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. The phone number that Defendant has most often used to contact Plaintiff from is (855) 411-2411. *See* Exhibit A.

13. Upon information and belief, the phone number ending in 2411 is regularly used by Defendant during its solicitation of consumers in Indiana.

14. When Plaintiff answers calls from Defendant, she is often greeted with an automated message soliciting her to use its employment placement services. *Id.*

15. Other times when Plaintiff answers calls from Defendant, she hears a brief pause before being connected with a live representative. *Id.*

16. Upon speaking with one of Defendant's representatives, Plaintiff informed it that she found another job and no longer needed its services. She also demanded that it remove her from its call list. *Id.*

17. Defendant's representative assured Plaintiff that her information would be removed from its system. *Id.*

18. Despite Plaintiff's demands and Defendant's assurances, Plaintiff continued to receive calls throughout 2016. *Id.*

19. Plaintiff has told Defendant on multiple occasions that she does not wish to be contacted, and informed it that she was already promised by one of its representatives that she would be removed from its call list. *Id.*

20. Notwithstanding Plaintiff's requests, Defendant's calls have continued up until the filing of the instant action. *Id.*

21. Defendant has called Plaintiff's cellular phone multiple times during the same day, with some of the calls coming in just minutes apart from one another. *Id.*

22. Plaintiff has received not less than 50 phone calls from Defendant since asking it to stop calling her. *Id.*

23. Concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

24. Plaintiff has spent money purchasing and maintaining an application on her cellular phone for the purpose of blocking Defendant's calls. *Id.*

25. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

26. Plaintiff has experienced financial loss as a result of Defendant's conduct.

27. Plaintiff has been unfairly harassed and mislead by Defendant's conduct.

COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff. After answering calls from Defendant, Plaintiff was greeted with an automated, recorded message soliciting her for job placement services. Similarly, the brief pause that Plaintiff experiences before being connected to a live representative during some of the calls is

also indicative of an ATDS. Lastly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Even if Plaintiff *may* have consented to receive solicitation calls from Defendant through means of an ATDS, such permission was explicitly rescinded by her demands to cease contact and to be removed from its call list.

32. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, VARITA SHONTELL JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

36. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

37. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

38. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

39. Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

40. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she obtained a new job and was no longer interested in its services. Plaintiff demanded that Defendant remove her from its call list and cease calling her. Defendant promised it would remove Plaintiff's information from its system, but no matter how many times Defendant was notified, it purposefully ignored Plaintiff's prompts in an unfair and abusive attempt to solicit business.

41. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The

IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

    42. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

    43. Defendant's conduct is part of a purposeful and systematic scheme to illegally solicit unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

    44. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. Plaintiff asked Defendant to remove her from its call list, and was promised that her information would be removed. Even after this promise, Defendant continued to place calls to Plaintiff's cellular phone. Upon speaking with Defendant, Plaintiff notified it that she was already told that she would be removed from its call list. The fact that Defendant was provided with multiple notices that Plaintiff was not interested in its services and did not wish to be contacted, and refused to abide by those notices, shows that its behavior is incurable.

    45. Defendant engages in the above described conduct on a frequent and systematic basis as it has been subject to a number of similar lawsuits.

    46. As pled in paragraphs 22 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful solicitation practices, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, VARITA SHONTELL JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 28, 2016

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com